UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PONCE VALDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>    Defendant. | Case No. SA CV 16-0980 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

    Manuel Ponce Valdez ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") had a duty to further develop the record. Specifically, Plaintiff contends that evidence after the State agency doctors completed their review triggered a duty to obtain an updated, or another, medical opinion reviewing that evidence. (*See* Joint Stip. at 4-7, 10.) The Court addresses Plaintiff's contention below, and finds that reversal is not warranted.

---

[1]     The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

1

### A. Challenge Not Properly Preserved

Preliminarily, as a rule, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Similarly, as a general rule, issues not properly raised before the district court may be deemed waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

Plaintiff's issue has not been properly preserved for two reasons.

First, Plaintiff was represented by counsel at the administrative hearing and specifically stated he had "no objection" to the record when asked by the ALJ.[2] (AR at 32); s*ee also Meanel*, 172 F.3d at 1115; *Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (issue waived because attorney had opportunity to raise it at administrative hearing but did not do so); *Marovich v. Colvin*, 2014 WL 900917, at *9 n.17 (N.D. Cal. Mar. 4, 2014) (argument that ALJ had duty to develop record severely undermined given claimant's opportunities to supplement record during administrative proceedings), *aff'd*, 645 F. App'x 591 (9th Cir. 2016).

Second, much of the evidence Plaintiff points to relates to his subjective complaints of pain that the ALJ found not fully credible, a determination Plaintiff does not challenge here. (*See* Joint Stip. at 6 ("The fact that [Plaintiff] complaints [sic] of leg pain and hand pain after the date of the state agency's last review should have alerted the ALJ that maybe something more was needed."); AR at 23, 266, 296 (noting Plaintiff's chief "subjective" complaint was leg pain), 298-99 (same)); *Greger*, 464 F.3d at 973; *Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reasons for adverse credibility finding waived any challenge to that finding).

---

[2] The State agency determinations were made in 2013 and early 2014. (Administrative Record ("AR") at 218-24, 248-65.) The evidence Plaintiff contends triggered a duty to further develop the record ranged from February to July 2014. (Joint Stip. at 5-6.) All of this was before the ALJ and admitted into the record that counsel said he reviewed and accepted at the October 10, 2014 hearing. (AR at 32.)

Accordingly, the issue is not properly preserved for appeal.

B.   Any Error is Harmless

As a rule, claimants bear the burden of showing they are was disabled. *Meanel*, 172 F.3d at 1113. Claimants also have the burden of establishing that any error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054-55 (9th Cir. 2012). An "ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quotation marks and citations omitted)); *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 932 & n.10 (9th Cir. 2014) (harmless error analysis applies where ALJ errs by not discharging duty to develop record).

Here, even assuming the ALJ erred by failing to further develop the record as to certain objective findings made after the State agency review, Plaintiff fails to show prejudice.[3] *See Meanel*, 172 F.3d at 1113; *Molina*, 674 F.3d at 1115. Specifically, Plaintiff fails to explain how any of the unremarkable objective evidence he directs the Court to review shows that he is disabled, including: (1) a treatment note indicating "[m]ildly decreased bending, slow and difficult to get up and sit down, walks slow, decreased sensation on both legs"; (2) an examination note that states "probable" diabetic distal polyneuropathy; (3) an EMG/NCS study that notes mostly normal and mild findings, and one moderate finding; (4) an MRI with predominately mild findings; and (5) lab results showing elevated sedimentation. (Joint Stip. at 5-6, 10; AR at 266, 269-70, 272-73, 298-300).

Thus, any error does not warrant reversal.

---

[3] The Court assumes without deciding that there was error. An updated opinion is not required simply because additional medical evidence is received after the State agency physicians had already reviewed Plaintiff's records. *See de Hoog v. Comm'r of Soc. Sec.*, 2014 WL 3687499, at *7 (E.D. Cal. July 23, 2014). Such an occurrence is quite common. *See id.* (explaining that "[i]n virtually every case further evidence is received after the [S]tate agency physicians render their assessments—sometimes additional evidence and records are even received after the ALJ hearing").

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: 1·5·2018

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*